# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOHN VINESKY,**
**Claimant Below, Petitioner**

**FILED**

December 11, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-1053** (BOR Appeal No. 2054293)
                    (Claim No. 2015028184)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner John Vinesky, by Counsel William C. Gallagher, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Murray American Energy, Inc., by Counsel Denise D. Pentino and Aimee M. Stern, filed a timely response.

The issue on appeal is vocational rehabilitation services. The claims administrator closed the claim for vocational rehabilitation services on January 4, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its May 30, 2019, Order. The Order was affirmed by the Board of Review on October 21, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Vinesky, a coal miner, injured his left knee when he stepped on a rock at work on April 13, 2015. A Functional Capacity Evaluation was performed on April 5, 2016, and indicated Mr. Vinesky could perform light physical demand level jobs. His physical limitations presented a barrier to return to work unless modifications could be made. Mr. Vinesky had some minimal range of motion and strength deficits in the left knee but was mainly limited by pain with weight bearing activities. Mr. Vinesky's permanent work restrictions included occasional lifting and carrying up to twenty pounds; sitting up to eight hours per day; standing, walking, or driving up to one hour per day; and no climbing, crawling, or squatting.

1

An April 26, 2016, work/activity status report indicates Mr. Vinesky had left knee pain and a recurrent medical meniscus tear. He was able to perform limited duty. The claims administrator referred Mr. Vinesky for a rehabilitation evaluation on June 3, 2016. A closure report was prepared on February 9, 2017, indicating that no further vocational rehabilitation services were recommended. Based on Mr. Vinesky's vocational history and physical capabilities, he was capable of seeking and applying for employment. No formal training was required. The claim was closed for vocational rehabilitation services on February 14, 2017.

Mr. Vinesky testified in an April 21, 2017, deposition that he understood the rehabilitation plan and that he worked with Erin Saniga, M.Ed., CRC, LPC, to find jobs. He was required to look for jobs, which he did in person and online. Mr. Vinesky bid on jobs through the union but due to his low seniority he was not able to get one of those jobs. Also, the jobs usually were not within his physical restrictions. He called some of the employers for jobs he applied to outside of the mines to see if the job was within his physical restrictions. He applied for jobs for which he thought he could suffer through the pain, even if they were outside of his physical capabilities. Mr. Vinesky stated that he was never really given a firm job offer. He requested authorization through the rehabilitation plan to enroll in a technology certificate course at West Virginia Northern Community College.

Ms. Saniga testified in a May 2, 2017, deposition that she identified 210 occupations that would be appropriate for Mr. Vinesky in relation to his education, background, work experience, and physical restrictions. Mr. Vinesky told her he had no computer skills. Therefore, she recommended Mr. Vinesky take a basic computer course to get him familiar with the keyboard and to enable him to become familiar with the use of the computer and its programs. She thought this would benefit him in looking for jobs as well as in the jobs themselves. Mr. Vinesky participated in the job exploration portion of his plan from July to November. This is the portion of the program that generally lasts thirty days. It lasted longer in his case in order to allow time for Mr. Vinesky to take the basic computer class. In her opinion, Mr. Vinesky obtained the basic computer skills he needed for employment from this class. Mr. Vinesky then participated in the job search portion of the plan for ninety days. Ms. Saniga had concerns about the type of jobs for which Mr. Vinesky applied as they were too physically demanding. There were also some positions for which he was not qualified in terms of education and training. Ms. Saniga opined that a technology certificate that Mr. Vinesky wanted to obtain would not alter his employability. This course was designed toward facilitating employment in a business office environment. She also opined that the way he presented himself to employers was negatively impacting his ability to obtain a job.

Vocational rehabilitation services were reinstated per an August 3, 2017, Office of Judges' Order on August 3, 2017. An August 25, 2017, rehabilitation plan by Allegiant indicates Mr. Vinesky was to complete a Computer Information Technology Certificate program from August 28, 2017, through December 31, 2017. Mr. Vinesky agreed to the plan. The plan was extended to December 15, 2018. A January 2, 2019, closure report by Allegiant indicates Mr. Vinesky had completed the training program and the claim was therefore closed for vocational rehabilitation services. It was noted that in October of 2018, Mr. Vinesky expressed interest in pursuing an Associate Degree in Microsoft Applications, which would require an additional thirty credits. Mr.

2

Vinesky was only taking twelve credits per semester at $2,788 per semester. An associate degree would require an additional three semesters to complete. Mr. Vinesky only had $4,900 left out of his lifetime rehabilitation limit. Through his certificate program, Mr. Vinesky had become qualified for many jobs. It was opined that Mr. Vinesky required no further training to obtain gainful employment. The claims administrator closed the claim for vocational rehabilitation services on January 4, 2019.

On March 7, 2019, Mr. Vinesky testified in a deposition that he had applied for fifty to sixty jobs and had yet to find employment. Ms. Saniga also testified in a deposition that day. She stated that prior to completing vocational there were 210 occupations that would be appropriate for Mr. Vinesky in relation so his education, background, work experience, and physical restrictions. Mr. Vinesky was still qualified for those positions. Completion of the certificate program made him qualified for 1,894 occupations. Ms. Saniga opined that Mr. Vinesky was provided sufficient vocational training to obtain gainful employment. She stated that Mr. Vinesky does not require an associate degree to find a job. Christy Farnsworth, Director at the Academic Support Center of WV Northern Community College, also testified that day. She asserted that an associate degree would make Mr. Vinesky more employable. She stated that her research showed few jobs for Mr. Vinesky's technology certificate.

The Office of Judges affirmed the claims administrator's closure of the claim for rehabilitation services on May 30, 2019. It found that Mr. Vinesky's rehabilitation goal was to return to suitable gainful employment. To that end, he obtained a certificate in Computer Information Technology. Mr. Vinesky testified that he had applied for fifty to sixty jobs with no job offers. Ms. Farnsworth testified that an associate degree would make Mr. Vinesky more employable. The Office of Judges determined that Mr. Vinesky had received approximately two years of vocational services and had used the majority of his financial allotment. Ms. Saniga testified that Mr. Vinesky's certificate made him qualified for 1,894 jobs as compared to the 210 he was qualified for prior to training. The Office of Judges found that Ms. Saniga's opinion was more credible than that of Ms. Farnsworth, who found far fewer jobs from her search. It was unclear what parameters Ms. Farnsworth used. The Office of Judges concluded that Mr. Vinesky had received sufficient vocational rehabilitation services to return to gainful employment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 21, 2019.

After review, we agree with the reasoning and conclusions of the Board of Review as affirmed by the Office of Judges. Though Mr. Vinesky wishes to further his education, he has received sufficient vocational rehabilitation services to become gainfully employed.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**

Justice Margaret L. Workman